UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cr-20032-GAYLES/Turnoff

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRIAN DERONCELER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon a CJA Voucher for Attorney's Fees (Voucher # FLS 15-4642). (ECF No. 288). This matter was referred to the undersigned by the Honorable Darrin P. Gayles, District Judge for the Southern District of Florida. (ECF No. 89). The undersigned heard the matter on February 2, 2016. (ECF No. 357). The Court has reviewed the Criminal Justice Act Voucher submitted by counsel, as well as time records and correspondence dated December 2, 2015, which is attached hereto as Exhibit 1.

According to the voucher, defense counsel seeks reimbursement of $22,567.90 in attorney's fees and costs consisting of the following: (a) 53.9 hours of in-court time, at an hourly rate of $127, totaling $6,845.30; and (b) 123.8 hours of out-of-court time, also at an hourly rate of $127, for a total of $15,722.60.

### Background

By way of indictment, on January 22, 2015, Defendant Brian Deronceler was charged with conspiracy to commit fraud, bank fraud, and aggravated identity theft. (ECF No. 3). Defendant was

arrested on January 22, 2015. (ECF No. 16). On February 2, 2015, attorney Terence M. Lenamon was appointed as stand-by counsel pursuant to the Criminal Justice Act ("CJA"). (ECF No. 22).

A competency hearing was held on April 10, 2015, wherein the Court found Defendant was competent to stand trial. (ECF No. 97). The undersigned conducted a Farretta hearing on April 21, 2015 (ECF No. 107), wherein Defendant waived his right to counsel. The Court found it appropriate for previously-appointed standby CJA counsel to remain on the case. Id.

A nine-day trial was held before Judge Gayles from August 10, 2015, through August 19, 2015. (ECF No. 199, 202, 203, 205, 206, 208, 209, 210). The jury returned a verdict of guilty on Counts 1, 17-20, 38-41. (ECF No. 213).

The sentencing hearing was scheduled for October 30, 2015 (ECF No. 216), but was re-set to November 2, 2015. (ECF No. 311). On September 1, 2015, Defendant filed various *pro se* notices seeking relief, among which was a motion for judgment of acquittal. (ECF No. 219, 220, 221, 222, 223, 224).

On September 10, 2015, David J. Joffe entered his Notice of Appearance as counsel of record for Defendant. (ECF No. 229). Notwithstanding, on September 14, 2015, Defendant filed another *pro se* motion for judgment of acquittal. (ECF No. 231).

After new counsel entered an appearance, Mr. Lenamon moved to withdraw on September 24, 2015. (ECF No. 236). Judge Gayles granted the motion. (ECF No. 237).

### Discussion

Attorney Lenamon served as stand-by counsel for Defendant from February 2, 2015, through September 24, 2015. During such time, the rate was $127.00 per hour, and the statutory cap was $9,900, upon directions from the Administrative Office. The fees sought by Mr. Lenamon exceed

the statutory cap of $9,900.00, which is more particularly set forth in 18 U.S.C. § 3006A(d)(3). Thus, the court must determine whether it is justified to waive or exceed the statutory cap. Toward that end, the court must determine if the matter was "extended" or "complex," as defined in that statute and the applicable case law. An "extended" case is one requiring more time than normal, while a "complex" case is one involving facts so unusual as to justify the expenditure of more time, skill, and effort than the normal case would require.

The attached letter submitted by defense counsel explained why the CJA bill exceeded the statutory cap. This Court has reviewed carefully the tasks performed and the amount of time devoted to those tasks by Mr. Lenamon in being prepared to represent a particularly difficult Defendant in this case. Based upon the Court's review of the time records and the attachments submitted by Mr. Lenamon, as well as the Court's own knowledge and expertise in these matters, all of those tasks were reasonable based upon the nature of the case. Among the work performed by Mr. Lenamon was preparing for and attending a nine-day trial. Moreover, Mr. Lenamon indicated that Defendant was very difficult to communicate with, a sentiment echoed by the prosecution and consistent with the Court's own experience in dealing with Defendant.

This Court does not find any tasks performed by counsel that were unnecessary nor which should be adjusted, other than any mathematical adjustments made by the CJA Administrator. As a result, the time devoted by Mr. Lenamon is justified, reasonable, and should be fully compensated.

## Conclusion

Upon consideration of the motion, the record, the applicable law, and hearing from counsel and the government, the undersigned is satisfied that the requested fees and costs in excess of the statutory maximum are justified. Accordingly, it is hereby **RESPECTFULLY RECOMMENDED**

that the CJA Voucher for Attorney's Fees (Voucher FLS # 15-4642) (ECF No. 288) be **GRANTED**, and that Mr. Lenamon be awarded the sum of **$ 22,567.90** as reasonable attorney's fees.

Pursuant to 28 U.S.C. §636(b)(1)(c), the parties may file written objections to this Report and Recommendation with Judge Gayles within fourteen (14) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this 16 day of February 2016.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Darrin P. Gayles
    Counsel of Record